# IN THE SUPREME COURT OF THE STATE OF NEVADA

TODD MICHAEL FORSBERG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74307

FILED

OCT 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____ S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Todd Michael Forsberg's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge. Forsberg argues that he received ineffective assistance of trial counsel. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised

_____

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

18-40006

reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden,* 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Forsberg first argues that trial counsel should have requested a jury instruction on the credibility of accomplice testimony to preserve a better standard of review on appeal. The district court found that trial counsel made a strategic decision not to request such an instruction based on trial counsel's testimony that the defense theory was that the purported accomplice was the actual killer. Forsberg has not shown extraordinary circumstances warranting a challenge to counsel's strategic decision. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). Insofar as Forsberg argues that preserving this issue would have led to a more favorable standard of appellate review, it is the law of the case that the trial evidence sufficiently corroborated the relevant testimony, such that Forsberg was not prejudiced by review under a plain error, rather than harmless error standard. *See Forsberg v. State*, Docket No. 54223 (Order of Affirmance, July 15, 2010); *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (distinguishing plain error and harmless error standards of review); *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) (discussing law-of-the-case doctrine). The district court therefore did not err in denying this claim.

Forsberg next argues that trial counsel should have investigated certain witnesses who purportedly saw the victim alive after

the date on which the State alleged he was killed. The district court found that trial counsel made reasonable efforts to investigate the alleged sightings and that the investigating detective could not verify any of the sightings. Substantial evidence supports those findings. Based on those findings and trial counsel's testimony that he could not find the individuals who allegedly saw the victim and considered the allegations suspicious, Forsberg has not shown deficient performance. *See Strickland*, 466 U.S. at 690-91 (explaining that tactical decisions made after an incomplete investigation are reasonable insofar as professional judgment supports the limited investigation and that counsel's failure to pursue investigations may not be challenged as unreasonable where counsel has reason to believe that the investigation is fruitless). Further, Forsberg has not shown that further investigation would have rendered a more favorable outcome reasonably probable and thus has not shown prejudice. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). The district court therefore did not err in denying this claim.

Forsberg next argues that trial counsel should have objected to the prosecutor's statement during voir dire regarding whether anyone in Washoe County had been exonerated after being executed.[2] The district court concluded that the statement was analogous to asserting that the State does not prosecute innocent people and therefore trial counsel should have objected. Considering the statement in context, we disagree. A prospective juror—who was not ultimately impaneled—expressed reticence about judging other people because some condemned inmates have been exonerated after serving lengthy sentences. The prosecutor asked if the

---

[2]Trial counsel testified that he did not challenge this statement because he did not believe it to be factually inaccurate.

prospective juror was referring to the Innocence Project and mentioned that no one in Washoe County had been exonerated after having been executed. In doing so, the prosecutor did not imply that the State only charges guilty people, but rather commented on exonerations of individuals who had been found guilty beyond a reasonable doubt. As Forsberg has not shown that the prosecutor's comment undermined the presumption of innocence, *see* NRS 175.191 (providing that a defendant is presumed innocent *until* the contrary is proved), he has not shown that counsel's failure to object was objectively unreasonable. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court did not err in denying this claim. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Forsberg next argues that trial counsel should have used a peremptory challenge to remove a prospective juror who had been the victim's high-school classmate, contending that counsel abdicated his responsibility by seeking Forsberg's input. The prospective juror, who was ultimately impaneled, testified that he did not know the victim well or consider the victim a friend and that he could be impartial. Trial counsel testified that because he was not concerned about the juror's impartiality but thought that the juror may have sympathy for the victim, counsel asked Forsberg his preference and that Forsberg stated that he wanted the prospective juror on the jury. As trial counsel determined that the prospective juror's impartiality was not at issue and nothing compelled trial counsel to use a peremptory strike on an impartial juror, Forsberg has not shown extraordinary circumstances justifying a challenge to counsel's decision not to peremptorily strike the prospective juror and thus has not

 

shown that trial counsel performed deficiently. *See Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (concluding that a defendant cannot show prejudice if the impaneled jury is impartial); *Oliver v. State*, 85 Nev. 418, 423, 456 P.2d 431, 434 (1969) (observing that peremptory strikes need not be supported by any particular reason); *see also United States v. Fontenot*, 14 F.3d 1364, 1370 (9th Cir. 1994) (suggesting that a defendant's interest in being present during voir dire is the opportunity to participate by sharing his opinions with counsel); *People v. Sloan*, 592 N.E.2d 784, 787 (N.Y. 1992) (discussing the value of a defendant's observations with respect to counsel's decision whether to challenge a juror for cause or by peremptory strike). The district court therefore did not err in denying this claim.

Forsberg next argues that trial counsel should have retained a forensic pathologist. Trial counsel testified that he did not believe that retaining a defense expert would have been helpful because he did not identify any issues regarding the time or cause of death reported by the State's expert. Decisions regarding what witnesses to call are tactical decisions that rest with counsel, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and Forsberg has not shown extraordinary circumstances warranting a challenge to the decision at issue here. Further, Forsberg has not shown prejudice, as the forensic pathologist who testified at the evidentiary hearing posited an alternative theory that the victim was killed at a different site and dumped at the abandoned ranch where the body was ultimately found, but could not rebut the State's expert's conclusions or the witness testimony that the victim was shot and his body wrapped and moved within the site in the course of hiding the body at the abandoned ranch. The district court therefore did not err in denying this claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

Forsberg next argues that trial counsel should have asked the investigating detective whether any physical evidence linked Forsberg to the killing. Decisions regarding how to question witnesses are tactical decisions, *id.*, and Forsberg has not shown extraordinary circumstances warranting a challenge to counsel's decisions regarding cross-examination, particularly where counsel addressed in closing argument the lack of physical evidence linking Forsberg to the murder. The district court therefore did not err in denying this claim.

Lastly, Forsberg argues that cumulative error warrants relief. Even if multiple instances of deficient performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 & n.17, 212 P.3d 307, 318 & n.17 (2009), Forsberg has not identified any instances of deficient performance to cumulate. The district court therefore did not err in denying this claim.

Having considered Forsberg's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Barry L. Breslow, District Judge
     Law Offices of Lyn E. Beggs, PLLC
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk